## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Hoo-Ahhs, LLC,                                                          Civil No. 14-1172 (DWF/TNL)

          Plaintiff,

v.                                                                                      **MEMORANDUM**
                                                                         **OPINION AND ORDER**

Ira Green, LLC,

          Defendant.

_____

Michael A. Essien, Esq., Essien Law Offices, PLLC, counsel for Plaintiff.

Mark R. Privratsky, Esq., Lindquist & Vennum PLLP; and William M. Dolan, III, Esq., Donoghue Barrett & Singal P.C., counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Defendant Ira Green, LLC's ("Ira Green") Motion to Dismiss, or in the Alternative, to Transfer Venue. (Doc. No. 11.) For the reasons set forth below, the Court grants Defendant's motion to dismiss and denies Defendant's motion to transfer venue as moot.

## BACKGROUND

Plaintiff Hoo-Ahhs, LLC ("Hoo-Ahhs") is a Minnesota company with its principal place of business in St. Paul, Minnesota. (Doc. No. 1 ("Compl.") ¶ 3.) Defendant Ira Green is a Rhode Island company with its principal place of business in Providence, Rhode Island. (Doc. No. 16 ("McAllister Decl.") ¶¶ 2-3.) Both Hoo-Ahhs and Ira Green

develop, manufacture, and sell pre-moistened field wipes for use by United States military personnel.  (*Id.* ¶¶ 9-10; Compl. ¶¶ 12-13.)  Hoo-Ahhs also owns two patents that relate to the packaging for its pre-moistened field wipes:  (1) U.S. Patent No. D487,224 ("'224 Patent"), titled "Packaging for Pre-Moistened Convenient Field Towels"; and (2) U.S. Patent No. D554,925 ("'925 Patent"), titled "Field Towel Container."  (Compl. ¶¶ 12-13.)

On April 17, 2014, Hoo-Ahhs sued Ira Green for patent infringement.  (Compl.)  In its complaint, Hoo-Ahhs asserts the following two claims against Ira Green: (1) infringement of the '224 Patent; and (2) infringement of the '925 Patent.  (*Id.* ¶¶ 25-38.)  Ira Green now moves to dismiss both claims for lack of personal jurisdiction, or in the alternative, to transfer venue.  (Doc. No. 11.)

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant seeks dismissal of Plaintiff's claims for lack of personal jurisdiction.  In determining whether personal jurisdiction exists in a patent infringement case, courts apply Federal Circuit law.  *See 3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).  Under Federal Circuit law, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process."  *Id.* at 1376-77.  Minnesota's long-arm statute, Minn. Stat. § 543.19, extends jurisdiction to the maximum limit consistent with federal due process; therefore a court in Minnesota need only evaluate

2

whether the requirements of due process are satisfied. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

Federal due process requires that defendants have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). A defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is essential in each case that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Under the minimum contacts analysis, personal jurisdiction over a non-resident defendant may be either general or specific. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction arises when a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). Specific jurisdiction arises when a defendant purposely directs its activities at residents of the forum state and the litigation arises out of or relates to those activities. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

Hoo-Ahhs argues that Ira Green's contacts with Minnesota are sufficient to subject it to both general and specific personal jurisdiction in Minnesota. First, Hoo-Ahhs contends that Ira Green maintains such continuous and systematic contacts with Minnesota to justify general personal jurisdiction. In support of this argument, Hoo-Ahhs alleges that Ira Green offers its products for sale in Minnesota year-round and markets or otherwise promotes its products to Minnesota residents through its website. Second, Hoo-Ahhs argues that Ira Green is subject to specific personal jurisdiction in Minnesota because it purposely directs its activities toward Minnesota residents. According to Hoo-Ahhs, specific personal jurisdiction is proper because Ira Green placed its products into the stream of commerce through its website and the Army Air Force Exchange Service ("AAFES") with the expectation that such products would be purchased by Minnesota residents; Ira Green committed acts of patent infringement in Minnesota; Ira Green was aware that the allegedly infringing products were being marketed in Minnesota; and Ira Green deliberately executed letters of intent to purchase the business and assets of Hoo-Ahhs, a Minnesota company, with the understanding that it might be summoned into court in Minnesota.

Ira Green, on the other hand, argues that it lacks the requisite minimum contacts with Minnesota to support the exercise of either general or specific personal jurisdiction. Ira Green contends that it does not have any place of business, offices, or employees in Minnesota; it does not own a bank account or pay taxes in Minnesota; it is not registered to do business in Minnesota and has never retained an agent to represent it in Minnesota; it does not manufacture, market, or distribute any of its products in Minnesota; and it

4

does not have any specific operations, sales force, or business in Minnesota. Furthermore, Ira Green argues that its product sales through its website and the AAFES are *de minimis* and insufficient to place it on notice of being haled into court in Minnesota as a result of the sales. Moreover, according to Ira Green, its sales through the AAFES do not relate to the present litigation because none of its sales through the AAFES included the allegedly infringing products. Finally, Ira Green contends that the letters of intent were a "mere prospective business proposal" and were never finalized, signed, or returned by Hoo-Ahhs, and none of its employees or representatives ever traveled to Minnesota to discuss the potential acquisition.

The Court concludes that the record establishes that Ira Green is not subject to personal jurisdiction in Minnesota because Ira Green has not maintained sufficient minimum contacts with the forum state. First, the Court finds that it lacks general personal jurisdiction over Ira Green. As noted above, Ira Green is a Rhode Island corporation and has no place of business, employees, or bank accounts in Minnesota. Although there is some evidence that Ira Green has sold its products to Minnesota residents through its website and the AAFES, the sales are insufficient in nature and number to qualify as continuous and systematic contacts justifying the exercise of general personal jurisdiction. *See Helicopteros*, 466 U.S. at 414-16. Through its website, Ira Green's sales in Minnesota totaled $59.25 for three orders placed between 2013 and 2014, which represents less than 0.0000005% of Ira Green's gross revenue during that period. Through the AAFES, Ira Green's sales in Minnesota since 1975 have totaled $50,372, which represents approximately 0.0001% of Ira Green's total revenue from its

5

AAFES sales during that period. These sales represent an extremely small portion of its corporate revenues and, without more, are insufficient to support general personal jurisdiction. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 858 (Fed. Cir. 1999); *see also Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 78 F.3d 602, 602 (Fed. Cir. 1996) (affirming dismissal of non-resident defendant when products shipped into forum state constituted only 3% of total sales). Moreover, Hoo-Ahhs' conclusory arguments regarding the letters of intent are not persuasive and are insufficient to subject Ira Green to general personal jurisdiction. *See Helicopteros*, 466 U.S. at 414. Based on these facts, and upon review of the record, the Court finds that Ira Green does not have continuous and systematic contacts with Minnesota. Consequently, general personal jurisdiction does not exist in this case.

 Second, the Court concludes that it lacks specific personal jurisdiction over Ira Green. Hoo-Ahhs fails to allege particular facts sufficient to demonstrate that Ira Green "purposely directed" its activities in Minnesota or that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472. Hoo-Ahhs' jurisdictional arguments set forth in its complaint are mere legal conclusions and, accordingly, are insufficient alone to establish specific personal jurisdiction over Ira Green. As discussed above, the only contacts related to the cause of action are Ira Green's sales of allegedly infringing products through its website and the AAFES. According to the record, Ira Green did not directly ship its products to customers in Minnesota and, with respect to its AAFES sales, Ira Green was paid by AAFES, rather than by its customers directly. Hoo-Ahhs has not identified additional activities that

show that Ira Green purposefully directed its activities concerning the accused products at Minnesota residents such that Ira Green could "reasonably anticipate being haled into court" in Minnesota. *See 3D Sys.*, 160 F.3d at 1378. The Court concludes that Ira Green's contacts with Minnesota are insufficient to establish specific personal jurisdiction in this case. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297.

## II. Motion to Transfer Venue

Ira Green also moves, in the alternative, to transfer venue to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). Because the Court finds that there are insufficient contacts to support the exercise of jurisdiction over Ira Green in Minnesota, the motion to transfer is moot.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for lack of personal jurisdiction (Doc. No. [11]) is **GRANTED**.

2. Defendant's alternative Motion to Transfer Venue (Doc. No. [11]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 17, 2014         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge